FILED
2016 Sep-02  PM 02:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **ALDRIDGE INDUSTRIES, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **V.** | ) | |
| | ) | _____ |
| **PRECISION TECHNOLOGIES, INC.,** | ) | |
| **and DAN LEE, an individual.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Aldridge Industries, Inc., files this complaint against defendants, Precision

Technologies, Inc., and Dan Lee, an individual, and states as follows:

### I.  PARTIES

1. Aldridge Industries, Inc., is an Alabama corporation doing business in

Madison County, Alabama.

2. Precision Technologies, Inc., is a Tennessee corporation licensed and

existing under the laws of the state of Tennessee and doing business in Madison County,

Alabama.

3. Dan Lee is an individual over the age of nineteen (19) years and based on

information and belief is a resident of Tennessee.

### II.  JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to

28 U.S.C. § 1332.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

6.      All of the events or omissions giving rise to Aldridge Industries, Inc.'s claims occurred within the State of Alabama and, more particularly, within this judicial district; therefore, the defendants are subject to the personal jurisdiction of this Court.

## III. GENERAL AVERMENTS

7.      In and around January of 2014, Aldridge Industries, Inc. (hereinafter "AI") met with Precision Technologies, Inc. (hereinafter "PTI") to discuss providing a company, Cimbar Performance Minerals (hereinafter "Cimbar"), with the tools, machinery, equipment and programming necessary to create a "classifier disk" for equipment to be used in mining operations.

8.      PTI committed to Cimbar to sell them a turnkey package of equipment, engineering, programming, and other products and services.  Then engaged Aldridge Industries in and around the spring of 2014 to facilitate the needs for the project.

9.      Defendant Dan Lee, on behalf of PTI, approached Warren Aldridge and Aldridge Industries to assist in the sale of the equipment and finalizing the deal.  Warren Aldridge took on the project with regard to sales and engineering.  After numerous sales calls Cimbar, in February of 2015, agreed to order the proposed package of equipment, engineering and programming services.  The total order was for two (2) pieces of machinery, the necessary software and reverse engineering efforts the deal required to be utilized.

10.      After several months, the equipment was delivered and was to be paid for in ninety (90) days.

11.     Dan Lee received twenty-five (25) percent of the bid price ($928,777.00) of which commissions and fees for other services and product were due to be paid to Aldridge Industries ($172,543.75).  Aldridge Industries collected towards commissions, and for engineering and programming services required per PTI purchase order number: PTI-12-1297

12.     Aldridge Industries provided programming, support and other assistance and as required in providing a workable, functioning product.  In September of 2015 the product or machine and programming was sent to Cimbar where problems were encountered.  It was later determined, Dan Lee failed to properly and expeditiously finalize the order for one of the pieces of equipment, being provided from the supplier, which delayed its delivery by months and to order necessary parts for the other equipment which caused significant delays and additional expenses to AI.  It also delayed the completion of the project, extending it beyond the original anticipated completion date by months.  After Thanksgiving of 2015, Aldridge Industries met with Cimbar and discovered Dan Lee had, in fact, committed Aldridge Industries for work outside the original scope of the project without informing them.

13.     Therefore, PTI and Dan Lee repetitively failed or forgot to order needed parts and support AI as needed for a timely successful completion.  Although Dan Lee on behalf of PTI committed Aldridge Industries to certain tasks that they had not committed to perform.  AI nonetheless undertook to do the additional work and incurred significant additional expenses and costs for which they are entitled and had it completed in and around February of 2016.

3

14.     Dan Lee on behalf of PTI repetitively told AI that he could not yet pay the commissions and other monies due to which they were entitled because Dan Lee and/or PTI had not been paid.  It was later determined that Defendant Dan Lee and PTI had been paid monies under the contract by Cimbar but had failed or refused to pay AI commissions and other monies due to which they were entitled.

## COUNT ONE - BREACH OF CONTRACT

15.     Plaintiff adopts and re-alleges paragraphs 1 through 8 as if stated in full herein and further avers as follows:

16.     At all times pertinent hereto Defendant PTI committed and obligated itself to pay AI commissions and other monies due on work performed and completed. Defendant PTI agreed payment to AI for services was due upon receipt per purchase order issued to AI.

17.     AI complied with and performed all obligations under the agreement.  PTI and Dan Lee have failed and refused to live up to the bargain and have breached the contract with Plaintiff AI.

18.     As a proximate result of the Defendants Breach of Contract, Plaintiff AI has been damaged and lost commissions and other revenues from services performed to which they are entitled.  AI has expended significant sums of money to compensate for revenue not timely received in the bargain and had to borrow monies and incur expense to continue functioning and have incurred consequential and incidental damages.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount to be determined, to include incidental and consequential expenses together with interest and costs.

Respectfully submitted,

*s/ Daniel F. Aldridge*
**Daniel F. Aldridge  ALD006**
Attorney for Defendant

OF COUNSEL:

**ALDRIDGE LAW FIRM, P.C.**
400 Franklin Street
Huntsville, AL  35801
Telephone:  (256) 534-3188
Facsimile:  (256) 534-3588
E-mail: lawhelp@thealdridgelawfirm.com

### PLEASE SERVE ALL DEFENDANTS BY CERTIFIED MAIL

Mr. Dan Lee
Precision Technologies, Inc.
852 County Road 422
P.O. Box 898
Englewood, TN 37329

Precision Technologies, Inc.
Registered Agent: Charles B. Burns, Jr.
175 Spring Street NW
Cleveland, TN  37311